UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-00908-TWP-MG |
| OHIO YOUNGSTOWN PUBLIC SCHOOLS, GED TRANSCRIPT OFFICE FOR DIPLOMA, | ) |
| Defendants. | ) |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING OTHER PENDING MOTIONS, SCREENING COMPLAINT, AND ORDERING PLAINTIFF TO SHOW CAUSE**

This matter is before the Court on Plaintiff Thomas Phillip Bell's ("Plaintiff's") Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 2). Because Plaintiff is permitted to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. DISCUSSION**

**A. Filing Fee**

Plaintiff's motion for leave to proceed *in forma pauperis*, without prepaying fees or costs, (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without pre-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiffs' *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not

have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

### B. Screening Standard

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### C. The Amended Complaint

Plaintiff's Complaint is difficult to follow, but as best the Court can discern, he claims that he passed his GED exam in 2009, but defendants "refuse to find [it]." (Filing No. 1 at 2.) The Complaint states he is bringing a *Bivens* claim against federal officials, but he appears to name only state or private defendants. He claims he is suing for "discrimination" and he "would like to receive

my diploma" and $300,000 in damages. (Filing No. 1 at 2, 6.) Nowhere does the Complaint allege that any defendant was acting under the color of law, as is required for an action under 42 U.S.C. § 1983 or *Bivens*. To the extent the Complaint makes any allegations of discrimination, it states:

> I passed my GED 2009 maybe before  I stayed at a car lot in my 2003 white cougar until I painted it If was up to Youngstown, Ohio I would be living insanity I would never get a diploma or go further with and education in life Youngstown, Ohio discriminate on Indians and Color folks in school some teacher's beat around the bush so you won't be able to learn your math I learned here at IV tech [illegible] class while I was there every problem I got right while research and reviewed in class I left because sex became an issue along with a sex case held against me of a false conviction I also learn how to swim very well and fast at IU Natatorium here in IN, IN I know the teacher's at young age beat around the bush with math because I was handsome and sexy and sex discrimination became an issue every day of my life now.

(Filing No. 1 at 5.)  This recitation is woefully insufficient to support a claim for discrimination of any kind.

### D. Dismissal of Complaint

Giving Plaintiff's Complaint a liberal construction, the Court cannot discern within it any plausible federal claim against any defendant. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). As best the Court can tell, Plaintiff appears to allege that he is entitled to receive his GED diploma and damages from defendants.  But he provides no legal basis for such a claim, or facts to support it.  And even though the Court construes pro se pleadings liberally, it will not concoct claims or conduct research for a litigant.  *Cf. Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (dismissing pro se litigant's appeal, noting that the court cannot craft arguments and perform legal research to salvage a deficient appellate brief).

In sum, Plaintiff's Complaint must be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2) because the Complaint fails to state a claim upon which relief can be granted.

### E. Pending Motions

Plaintiff has filed two additional motions which the Court must now address. Plaintiff's Motion for Speedy Trial (Filing No. 3) states in full, "I want to give time so they claim they found my GED in Ohio." Aside from the fact that the motion is unintelligible, a civil litigant has no entitlement to a "speedy trial" and Plaintiff provides no reasons why the proceedings in this matter should be expedited. Plaintiff's Motion for Investigation (Filing No. 4) is identical, and likewise unintelligible. Further, federal courts do not perform investigations – they adjudicate cases based on facts the litigants discover in their own investigations. Both of Plaintiff's motions must be **denied**.

### F. Opportunity to Show Cause

Plaintiff shall have through **Friday, May 14, 2021**, by which to show cause why judgment consistent with the Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered, what persons are

responsible for each such legal injury and when and where each legal injury occurred; and (e) the amended complaint must include the case number referenced in the caption of this Entry.

## II. CONCLUSION

For the reasons stated above, Plaintiff's Request to Proceed in District Court Without Prepaying the Filing Fee (**Filing No. 2**) is **GRANTED**. Plaintiff's Motion for Speedy Trial (**Filing No. 3**) and Motion for Investigation (**Filing No. 4**) are **DENIED**. Having screened the Complaint, the Court finds it is subject to dismissal for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint by no later than **Friday, May 14, 2021**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: 4/22/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Thomas Phillip Bell
General Delivery
Indianapolis, IN 46206