UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL, | ) |
|         Plaintiff, | ) |
|     v. | ) No. 1:21-cv-00908-TWP-MG |
| | ) No. 1:21-mc-00034-TWP-DLP |
| OHIO YOUNGSTOWN PUBLIC SCHOOLS, | ) |
| GED TRANSCRIPT OFFICE FOR DIPLOMA, | ) |
|         Defendants. | ) |

**ORDER RESTRICTING NEW FILINGS**

"Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).

*Pro se* litigant Thomas Phillip Bell ("Mr. Bell") has a long history of filing frivolous actions in this and other federal courts.[1] Mr. Bell's actions generally recite his dissatisfaction with his life

---

[1] A PACER query reveals that Mr. Bell has filed no fewer than seventeen separate actions in two different United States District Courts and one in the Court of Federal Claims. To date, these actions have spawned at least five appeals. *See Bell v. Sammarone*, No. 3:11-cv-03030-RAL (D.S.D. Mar. 6, 2012) (dismissed on screening for failure to state a claim), *summarily aff'd*, No. 12-1619 (8th Cir. May 8, 2012); *Bell v. Marshall*, No 3:12-cv-03023-RAL (D.S.D. Aug. 29, 2012) (dismissed on screening as non-meritorious and frivolous); *Bell v. Leigh*, No. 3:17-cv-03022-RAL (D.S.D. Aug. 31, 2017) (§ 2254 claim dismissed on screening), *summarily aff'd*, No. 17-2993 (8th Cir. Feb. 6, 2018), *cert. denied*; *Bell v. Attorney General of South Dakota*, No. 3:20-cv-03005-RAL (D.S.D. Apr. 28, 2020) (dismissed on screening on statute of limitations grounds), *summarily aff'd*, No. 20-2013 (8th Cir. Aug. 14, 2020); *Bell v. Brown*, No. 3:20-cv-03006-RAL (D.S.D. Apr. 28, 2020) (§ 2254 case dismissed on screening because Bell is not in custody), *appeal dismissed*, No. 20-2016 (8th Cir. Aug. 14, 2020); *Bell v. Indianapolis Indiana Police*, No. 1:20-cv-000651-JPH-DLP (S.D. Ind. May 1, 2020) (dismissed on screening for failure to state a claim); *Bell v. Indiana University Natatorium Police Dept.*, 1:20-cv-03185-SEB-MPB (May 3, 2021) (dismissed on screening for failure to state a claim); *Bell v. Youngstown Public Schools*, No. 1:21-cv-00112-TWP-MJD (S.D. Ind. Feb. 24, 2021) (dismissed for

situation – his difficulties in childhood, poor instruction received in school, his insistence that he was wrongfully convicted of a sex offense in South Dakota state court, his status as a sex offender, his inability to find a woman to share his life with, his difficulty with traffic tickets, the fact that he has not won the lottery, that Youngstown Ohio refused to provide him a G.E.D. diploma, and the like. *See, e.g.*, *Bell v. Indianapolis Indiana Police*, No. 1:20-cv-000651-JPH-DLP (S.D. Ind. Dkt. 1) (complaint alleging Mr. Bell was in a car accident because "this man was paid to pull in front of me so I would hit him, like and Intentional Discrimination of political activist I feel it was a threat"); *Bell v .United States of America*, No. 1:21-cv-00779-RLY-TAB (S.D. Ind. Dkt. 12) (motion for voluntary removal from USA asserting "I have no life here I cannot go and get a job that I would prefer I am forced to be a failure for USA citizens for there (sic) sexuality along with United States judges & prosecutors. all my civil rights have been violated even before my sex conviction"); *Id.,* Dkt. 24 (amended complaint in closed case seeking $10 million as recompense because "I am behind in my life I have no place of my own to go home to I am parked & registered as a sex offender at Kroger's parking lot . . . I would need a good amount of cash to get me a house"); *Bell v. United States of America*, No. 1:21-cv-00798-RLY-TAB (S.D. Ind. Dkt. 1) (complaint alleging "[t]he women I get are not pretty as I want older men get the pretty women . . . I live like an animal. I am being treated unfairly"); *Bell v. Ohio Youngstown Public Schools*, No. 1:21-cv-00908-TWP-MG (S.D. Ind. Dkt. 1) (complaint lamenting that Youngstown "refuses to find my GED that I passed in 2006" that "I left because sex became an issue along with a sex case held against me of a false

---

failure to pay filing fee or seek IFP status); *Bell v. Henke*, No. 1:21-cv-00741-TWP-DML (S.D. Ind. May 21, 2021) (dismissed on screening for failure to state a claim); *Bell v. USA*, No. 1:21-cv-01037-PEC (Fed. Cl. Mar. 31, 2021) (dismissed for lack of subject matter jurisdiction); *Bell v .United States of America*, No. 1:21-cv-00779-RLY-TAB (S.D. Ind. Apr. 21, 2021) (dismissed on screening for failure to state a claim), *appeal docketed* as No. 21-1807 (7th Cir. May 4, 2021); *Bell v. United States of America*, No. 1:21-cv-00798-RLY-TAB (S.D. Ind. April 21, 2021) (dismissed for lack of subject matter jurisdiction); *Bell v. Ohio Youngstown Public Schools*, No. 1:21-cv-00908-TWP-MG (S.D. Ind. May 25, 2021) (dismissed on screening for failure to state  a claim); *Bell v. Marion Superior Court*, No. 1:21-cv-1137-SEB-MJD (May 13, 2021) (dismissed on screening for failure to state a claim); *Bell v. Indiana Sheriff's Office*, No. 1:21-cv-1138-JPH-MG (filed May 6, 2021); *Bell v. Hoosier Indiana Lottery*, No. 1:21-cv-01211-RLY-MJD (S.D. Ind. filed May 14, 2021); *Bell v. Gross*, No. 5:21-cv-05032 (D.S.D. filed May 18, 2021).

conviction" and "I know the teacher's at young age beat around the bush with math because I was handsome and sexy and sex discrimination became an issue every day of my life now") *Bell v. Marion Superior Court*, No. 1:21-cv-01137-SEB-MJD (S.D. Ind. Dkt. 1) (lamenting that he had to walk in the rain to get his car out of police impound and he got blisters in the process); *Bell v. Indiana Hoosier Lottery*, No. 1:21-cv-01211-RLY-MJD (S.D. Ind. Dkt. 1) (complaint stating that he has played the lottery for three years and has never won more than $20.00, attaching as exhibits 132 scratch-off tickets).

      Mr. Bell has been warned multiple times that the Court has the authority to restrict his ability to file actions and to assess fines against him for filing frivolous cases, and that he may be sanctioned if he does not stop. *See Bell v. United States of America*, No. 1:21-cv-00779-RLY-TAB (S.D. Ind. Apr. 21, 2021) (reminding Mr. Bell that "the court has the authority to restrict his ability to file actions and to assess fines against him for filing frivolous cases"); *Bell v. Indiana University Natatorium Police Dept.,* 1:20-cv-03185-SEB-MPB (S.D. Ind. May 3, 2021) (again reminding Mr. Bell that "the court has the authority to restrict his ability to file actions and to assess fines against him for filing frivolous cases" and warning "[s]hould Plaintiff continue to file frivolous lawsuits, such as this one, sanctions may follow") ; *Bell v. Marion Superior Court*, No. 1:21-cv-01137-SEB-MJD (S.D. Ind. May 13, 2021) (reiterating prior warnings and referring the matter to the Chief Judge); *Bell v. Henke*, 1:21-00741-TWP-DML (S.D. Ind. May 21, 2021) ("Plaintiff is notified that he is on the precipice of being sanctioned for his filing practices in this Court.")

      Despite these warnings, Mr. Bell has continued to file new frivolous cases, to file new frivolous documents in closed cases, and to receive dismissals. When given the opportunity to show cause why his various complaints should not be dismissed for failure to state a claim upon which relief has been granted, he has repeatedly failed to show cause. Furthermore, Mr. Bell has proceeded *in forma pauperis* in every case, accumulating a total of $4,016.00 in unpaid filing fees

that remain due and owing.

As Mr. Bell was remined nine years ago by the District of South Dakota, "a federal court case . . . does not appear to be a proper means for Plaintiff to obtain the relief he seeks or his ultimate goal of a brighter future free from mistreatment." *Bell v. Sammarone*, No. 3:11-cv-03030-RAL (D.S.D. Mar. 6, 2012). This Court has before it thousands of pending matters which properly invoke its jurisdiction and seek resolution of valid controversies. Mr. Bell's abusive patterns must come to an end.

Pursuant to this Court's inherent authority to prevent the abuse of the legal process, protect the limited resources of the judicial system, and promote the interests of justice, **IT IS NOW ORDERED** that Thomas Phillip Bell is **PROHIBITTED** from filing new lawsuits in this Court and from filing any document other than a notice of appeal in any action in which final judgment has issued, except as follows:

1. The Clerk shall open a miscellaneous case with the general title "In re Thomas Phillip Bell." A copy of this Order shall be docketed in the miscellaneous case.

2. Whenever Mr. Bell, whether using that name or some other name, proffers a new document for filing, he must include a separate motion seeking leave to file the document notwithstanding this Order.  The Clerk or his designated deputy shall accept the papers, stamp them "received" (rather than "filed") and docket them as a "submission" in the miscellaneous case.

3. The Court will examine any documents tendered by Mr. Bell and determine whether or not they should be filed.

4. If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be processed in accord with the order which is issued.

5. This screening requirement shall not apply to filings in cases currently pending in this Court as of this date, to filings appealing this Order, to filings in a criminal prosecution in which Mr. Bell represents himself as a defendant, or to actions for habeas corpus.

6. Mr. Bell may seek modification or rescission of this Order after two years from the date of the Order.

7. This Order may be modified as the requirements of equity may demand.

Nothing in this Order shall be construed to restrict in any way the powers of a Judge under the Local Rules or the Federal Rules of Civil Procedure, or a Judge's inherent power to manage litigation before him or her.

**SO ORDERED.**

**Dated:** May 25, 2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

**DISTRIBUTION:**

Clerk, United States District Court for the District of South Dakota

Thomas Phillip Bell
General Delivery
Indianapolis, IN 46206

5